UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAULETTA DAVIS WASHINGTON | CIVIL ACTION |
| VERSUS | NO: 07-3607 |
| DEPARTMENT OF HOMELAND SECURITY, ET AL. | SECTION: "J" (1) |

**ORDER**

Before the Court is Defendant's Motion for a More Definitive Statement or Alternatively a Motion to Reconsider.  (Rec. Doc. 22).  For the reasons below, Defendant's Motion is **DENIED as moot.**  This Court finds that Plaintiff's Amended Complaint (Rec. Doc. 21) should be **DISMISSED without prejudice.**

**BACKGROUND**

Plaintiff instituted this action on June 26, 2007, alleging she was subjected to a hostile work environment on the basis of reprisal for her engaging in activity protected by Title VII. Defendant filed its answer on November 19, 2007 (Rec. Doc. 17). On December 12, 2007, this Court granted Plaintiff's motion for leave to file an amended complaint (Rec. Doc. 20), and Plaintiff filed her supplemental complaint (Rec. Doc. 21).  Plaintiff's

supplemental complaint alleges additional bases of discrimination, including the Equal Pay Act, the Americans with Disabilities Act and the Rehabilitation Act.  Defendant now asks the Court to reconsider its earlier leave to amend, or alternatively asks for a more definite statement.

## PARTIES' ARGUMENTS

*A. Leave to Amend*

Defendant argues that the Court erred in granting Plaintiff's motion for leave to file an amended complaint and seeks Rule 59(e) relief.  Plaintiff's motion was filed and granted without contrary hearing and without obtaining the consent of Defendant, and therefore, the Secretary was not given the opportunity to object to the amended pleading.  While acknowledging that Rule 15(e) leave to amend should be freely given, Defendant argues that, here, leave should not have been granted due to the futility of the amendment.  Defendant claims that the additional allegations are futile because they fail to state a claim; that is, the claims are legally insufficient on their face.

Plaintiff argues that because she is filing pro se, her complaint should be held to less stringent standards for pleading.  Furthermore, Plaintiff argues that she has filed medical records which demonstrate the basis for her claim under

the ADA and Rehabilitation Act.

*B. More Definite Statement*

Plaintiff's supplemental complaint charges Defendant with ongoing discrimination under a number of federal statutes. Defendant argues that Plaintiff failed to provide any description of how these violations were committed. Thus, the subject amendments amount to nothing more than conclusory allegations which fail to point to facts supporting the new theories of recovery. Defendant contends that the allegations are so vague and ambiguous as to deprive Defendant of notice and make any responsive pleading difficult.

Defendant, therefore, asks that Plaintiff be required to amplify the additional claims in her supplemental complaint so as to allow the Secretary to frame a response. Alternatively, Plaintiff asks that the supplemental complaint be dismissed. Defendant did not address this request in her opposition.

## DISCUSSION

Rule 15(a)(2) states that following a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Regardless of whether this court should or should not have granted leave to amend, the

supplemental complaint fails to allege sufficient facts to support a cognizable legal theory.  Therefore, Plaintiff's supplemental complaint should be dismissed.

While the Court treats pro se pleadings more liberally, under Federal Rule of Civil Procedure 8(a), a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, the plaintiff must allege some facts that allow the defendants to appreciate the claims against them and demonstrate to the court that the plaintiff has a colorable claim.  *Marie v. Gaylord Paper Mfr.*, 2004 U.S. Dist. LEXIS 1160, at *2, 2004 WL 202879, at *1 (E.D. La. 2004).

In this case, Plaintiff merely asserts a list of statutes she claims were violated by the "discrimination practices" of harassment and ongoing retaliation.  The supplemental complaint and opposition to Defendant's motion offer conclusory allegations and prove difficult to understand.  Plaintiff alleges no facts,

4

but rather asserts unclear legal generalities.

The Fifth Circuit has established that where "*pro se* pleadings cannot pass the test for a cognizable claim, the proper course for the district court is to dismiss the complaint without prejudice so that if there are facts that may be alleged to support the conclusory allegations, the *pro se* plaintiff with potentially valid claims will have an opportunity to amend his pleadings and have his day in court."  *Mills v. Criminal Dist. Court # 3*, 837 F.2d 677, 679 (5th Cir. 1988).  Accordingly,

**IT IS ORDERED** that Defendant's Motion (Rec. Doc. 22) is **DENIED as moot;**

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint is **DISMISSED without prejudice.**

New Orleans, Louisiana this the 6th day of February, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE