```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

PAULETTA DAVIS WASHINGTON                CIVIL ACTION

VERSUS                                   NO: 07-3607

MICHAEL CHERTOFF, SECRETARY,             SECTION: "J" (1)
DEPARTMENT OF HOMELAND
SECURITY
```

**ORDER AND REASONS**

Before the Court is Defendant's **Motion to Dismiss and/or Alternatively for Summary Judgment (Rec. Doc. 40)**. This motion, which is opposed, was set for hearing on August 20, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be granted.

**Background Facts**

Plaintiff was a lead screener for the Transportation Security Administration ("TSA") at the New Orleans Armstrong International Airport. Prior to the claim at issue in this case plaintiff previously pursued an EEO complaint regarding allegations of a hostile work environment based on race and

gender with the Office for Civil Rights and Civil Liberties ("OCR") of the Department of Homeland Security.  This claim was pursued to a hearing before an administrative judge who found that plaintiff lacked credibility and that none of the alleged actions were severe or persuasive enough to constitute a hostile work environment claim.  This decision was adopted by the TSA and was sent to plaintiff via her attorney on August 2, 2005.

Following Hurricane Katrina plaintiff was forced to evacuate her home and relocated to Alexandria, Louisiana.  Following TSA instructions, plaintiff reported to the Alexandria airport on September 12, 2005.  On September 23, 2005 the Screening Manager in Alexandria called plaintiff's supervisor at the New Orleans airport, Teresa Teague.  Teague informed the Alexandria supervisor that because plaintiff had not been at work for an extended period prior to the hurricane she would have to obtain a physician's note and undergo retraining and recertification before being allowed to return to work.  Following the conversation between Teague and the Alexandria supervisor, plaintiff got on the phone with Teague.  Plaintiff was told that she had ten days to obtain the doctor's note.  In addition, Teague told the plaintiff that she was facing possible disciplinary action as a result of walking off of the job on June 1 and 2, 2005.  Despite this warning of potential action, TSA never took any action based on the allegations that plaintiff

2

walked off the job.

Based on the phone call with Teague, plaintiff lodged another EEO complaint. This complaint alleged that she was being harassed as retaliation for her prior EEO complaint. The harassment claim is based on the phone call with Teague stating that the TSA potentially could take disciplinary action because of her walking off the job. After attempts to resolve the complaint at alternative dispute resolution, TSA issued a final agency decision regarding the complaint on March 30, 2007. TSA concluded that plaintiff waited too long to contact an EEO counselor to initiate the claim and that a single phone call suggesting potential discipline which never resulted in an adverse action was not severe or persuasive such that it constituted an actionable claim.

### The Parties' Arguments

Defendant argues that this Court does not have jurisdiction to hear this claim because plaintiff did not initiate the EEO claim in a timely fashion. The second EEO claim stems from the phone call between plaintiff and Teresa Teague on September 23, 2005 when Teague informed plaintiff that she was facing possible disciplinary action. Following that phone call, the alleged harassing event, plaintiff had 45 days, or until November 7, 2005 to contact an EEO counselor and initiate a claim. However,

defendant claims that plaintiff did not contact an EEO counselor until December 19, 2005.  Thus defendant argues that plaintiff is barred from pursuing this claim in this Court because the EEO complaint was not exhausted in a timely fashion.

Further, defendant contends that plaintiff's evidence of contacting the EEO prior to the end of the 45-day period after the September 23, 2005 phone call shows that plaintiff actually contacted Employee Relations at TSA and a worker's compensation specialist at TSA in regards to a worker's compensation claim.  Additionally, defendant argues that because plaintiff has never made any formal EEO complaints about other incidents, she is precluded from raising them for the first time in this lawsuit.  Last, defendant argues that plaintiff did not receive discipline after the September 23, 2005 incident and that even if she did it was never reported and cannot be raised for the first time in this suit.

Alternatively, defendant argues that even if a claim was initiated properly plaintiff does not present a prima facie case of hostile work environment or reprisal discrimination.  Defendant asserts that plaintiff's claim is based on one phone call during which adverse action was at most threatened and ultimately never carried out.  As such defendant maintains that no adverse employment action ever occurred in relation to plaintiff's claim.

Plaintiff argues in opposition that this Court has jurisdiction to hear her most recent EEO complaint and that she has made out a prima facie case that can survive summary judgment.  Specifically, plaintiff argues that she did contact an EEO counselor during the 45-day period following the September 23, 2005 phone call to properly initiate her EEO claim.  Second, plaintiff argues that she has a valid claim that can survive summary judgment because there were other acts, other than the phone call, that constitute retaliation and that she was subject to disciplinary action after the September 23, 2005 phone call.

## **Legal Standards**

A motion to dismiss for lack of subject-matter jurisdiction must be granted if the court lacks statutory authority to hear and decide the dispute.  Fed. R. Civ. P. 12(b)(1).  The burden of establishing subject-matter jurisdiction falls squarely upon the plaintiff.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), a court may look to: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or, (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Robinson v. TCI/US West Commc'ns, 117 F.3d 900, 904 (5th Cir. 1997).  Where a court reviews extrinsic evidence for a Rule 12(b)(1) motion, no presumption of truthfulness

attaches to the plaintiff's allegations.  <u>Williamson v. Tucker</u>, 645 F.2d 404, 412-13 (5th Cir. 1981).

As set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiff has stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief.  The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. <u>Tanglewood East Homeowners v. Charles-Thomas, Inc.</u>, 849 F.2d 1568, 1572 (5th Cir. 1988).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 588 (1986).

**Discussion**

The Equal Employment Opportunity Commission ("EEOC") has been tasked by Congress to issue rules and regulations implementing Title VII for federal employees. 42 U.S.C. § 2000e-16(b). Regulations promulgated by the EEOC have the force and effect of law. United States v. Nixon, 418 U.S. 683, 695 (1974). The EEOC has promulgated regulations that require a person who believes that they have been discriminated against based on race, color, religion, sex, national origin, age or handicap must consult with an EEOC counselor to attempt to informally resolve the matter. 29 C.F.R. § 1614.105(a)(1). Contact with the counselor must be initiated "within 45 days of the date of the matter alleged to be discriminatory." Id. "Failure to notify the EEO counselor in timely fashion may bar a claim, absent a defense of waiver, estoppel, or equitable tolling." Pacheco v. Rice, 966 F.2d 904, 905 (5th Cir. 1992).

Plaintiff in this case alleges that she did contact an EEO counselor within the required 45-day period following the alleged discriminatory act. In her opposition memorandum plaintiff argues that she made contact with various EEO employees on various dates within the 45-day period. Specifically, plaintiff argues that she spoke to either Robert Wohleber, Janet White, Martha Stitt or Michael Chen on September 17, 2005, October 3, 2005, October 11, 2005, October 18, 2005, November 10, 2005 and

December 19, 2005.  However, an examination of the phone records and declarations of these individuals indicates that plaintiff only spoke to a EEO counselor during the December 19, 2005 call, after the 45-day period had expired.  The first two calls identified by the plaintiff were made on September 17, 2005, prior to the alleged discriminatory act on September 23, 2005.  These calls could not have been made to report the incident.  Plaintiff's telephone records along with the declaration of Michael Chen indicate that the calls made on October 3, October 6 November 10 were made to Michael Chen.  Michael Chen is a contract employee who works in employee relations at TSA advising management on employment issues.  He is not an EEO counselor and thus these calls by plaintiff could not have initiated a claim.  The October 11 and October 18 calls were made to Martha Stitt based on plaintiff's phone records and Stitt's declaration.  Martha Stitt is a worker's compensation specialist with TSA and not an EEO counselor.  Chen and Stitt both state in their declarations that they spoke to the plaintiff on the dates indicated by the phone records about a worker's compensation claim and not an EEO complaint.  The last call identified by plaintiff was made on December 19, 2005 to the office fax line of Janet White and Robert Wohleber.  Both Ms. White and Mr. Wohleber are EEO counselors.  However, according to the plaintiff's own telephone records the only contact made with either of them was

on December 19, 2005.  This is after the 45-day period to initiate an EEO claim had passed.  It is also the date on which TSA maintains that plaintiff initiated the EEO complaint regarding the alleged September 23, 2005.  Plaintiff's own phone records, combined with the occupations and declarations of those she contacted at various times conclusively indicate that plaintiff did not initiate her EEO claim in a timely fashion.  Additionally, plaintiff has made no argument that there was some reason for her to delay contacting an EEO counselor.  Plaintiff had previously dealt with the EEO claim process and had contact with EEO counselors regarding her earlier EEO claim based on an incident in 2004, thus she knew who to contact and when contact needed to be made.  However, plaintiff failed to initiate her EEO claim within 45 days and has made no other arguments as to why she is not barred from pursuing this claim.  As a result, this Court lacks jurisdiction to hear plaintiff's claim.

Additionally, plaintiff argues in her opposition memorandum that she has made additional claims against the TSA that should have been considered a part of the Final Agency Decision of March 30, 2007 and that inclusion of these claims prevents dismissal of this action.  The additional claims alleged by plaintiff include alleged acts of retaliation between January 2004 and January 2005, a claim for harassment and/or retaliation allegedly made in June 2005, a claim arising on October 2, 2005 regarding a

9

disputed worker's compensation claim, and a claim that plaintiff did not receive a 2005 bonus as retaliation.  A federal employee must exhaust her administrative remedies in order for a district court to be able to adjudicate Title VII claims.  <u>Fitzgerald v. Secretary, United States Dept. of Veterans Affairs</u>, 121 F.3d 203, 206 (5th Cir. 1997).  EEOC regulations require a federal employee to take certain steps to administratively resolve discrimination claims.  <u>Id.</u>  The regulations require an employee to contact an EEO counselor to attempt to informally resolve the issue.  <u>Id.</u>  If resolution is not reached, the employee may file a formal administrative complaint with the agency.  <u>Id.</u>  A formal administrative complaint must be filed with the EEOC in order to create jurisdiction over a Title VII action.  <u>Ray v. Freeman</u>, 626 F.2d 439, 442 (5th Cir. 1980).  A final adverse decision must be rendered on the merits against a complainant before that person may have a federal court hear the issue.  <u>Johnson v. Bergland</u>, 614 F.2d 415, 418 (5th Cir. 1980).  If the merits of a complaint are not reached during the administrative process because the complaint failed to comply with the required administrative procedures then a federal court should not reach those merits either.  <u>Id.</u>  Plaintiff has not filed formal administrative complaints regarding any of the other claims that are now alleged.  The plaintiff has only filed two administrative complaints that have resulted in TSA issuing a final agency

decision that entitled plaintiff to file suit in federal court. The first was filed in 2004 and is not at issue in this case. The second complaint was filed in 2006 and relates to the September 23, 2005 alleged discriminatory call. Plaintiff never filed a formal complaint regarding the claim of retaliation from January 2004 to January 2005. These claims were at one time pursued through EEO counseling. However, plaintiff, through her attorney at the time withdrew those claims and sought to amend her 2004 formal complaint to add these claims. These claims were never considered as part of the 2004 formal complaint and the plaintiff never pursued them further. In regards to plaintiff's claims of alleged harassment/retaliation made in June 2005 and a dispute regarding a worker's compensation claim, plaintiff never initiated formal EEO counseling or filed a formal administrative complaint. Lastly, with regard to the claim that plaintiff was denied a bonus in 2005, she never contacted an EEO counselor within the required 45-day period and never lodged a formal complaint. In each instance of additional claims asserted by plaintiff she neither pursued nor exhausted the administrative remedies that are a prerequisite to this Court having jurisdiction to hear such claims.

The other claims that are now alleged by plaintiff cannot be heard by this Court because they did not arise during the pendency of her 2006 administrative claim that is the basis of

this action.  Plaintiff did not attempt to amend the 2006 complaint to add these other claims.  Thus the only claim properly before this Court is the 2006 complaint that relates to the September 23, 2005 phone call and was the subject of a final agency decision.  A court's jurisdiction to hear a Title VII case is limited to the formal complaint and other alleged discrimination that is like or related to the allegations of the complaint and that grows out of the allegations while the complaint is pending before the EEOC.  <u>Nat'l Assoc. of Gov't Employees v. City Public Service Board of San Antonio</u>, 40 F.3d 698, 711 (5th Cir. 1994)(quoting <u>Sanchez v. Standard Brands, Inc.</u>, 431 F.2d 455 (5th Cir. 1970).  A plaintiff "may not circumvent the EEOC filing requirements by raising only a few claims in her EEOC filings, and later suing over every claim arising out of her employment."  <u>Aucoin v. Kennedy</u>, 355 F. Supp. 2d 830, 840 (E.D. La. 2004).   A Title VII complaint may include any alleged discrimination that is like or related to the EEOC complaint that has previously been pursued, however "[a]llegations of new acts of discrimination, offered as the essential basis for the requested judicial review, are not appropriate."  <u>Ray</u>, 626 F.2d at 443.  In this case the only allegation contained in the EEOC complaint is the September 23, 2005 phone call.  The additional claims that plaintiff now urges are not related to this complaint.  The EEOC complaint itself

makes no mention of these other claims.  All of the other claims now argued by plaintiff involve separate alleged acts of discrimination that have no discernible connection to the 2006 EEOC complaint that is the basis for the current litigation.

Furthermore, claims that grow out of an EEOC complaint cannot predate the EEOC complaint.  See Eberle v. Gonzales, 240 Fed. Appx. 622, 628 (5th Cir. 2007); Guidry v. Zale Corp., 969 F. Supp. 988, 991 (M.D. La. 1997).  The claims now argued by the plaintiff could not have grown out of the 2006 complaint because they all occurred prior to the August 31, 2006 filing of the formal EEOC complaint.  These claims were never raised in the formal EEOC complaint or during the preceding informal counseling process, as discussed above.

Lastly, one of the additional claims made by plaintiff is that she was ultimately disciplined as a result of the September 23, 2005 phone call that is the basis for the 2006 EEOC claim and this lawsuit.  However, it is clear to the Court that plaintiff's failure to receive a success increase bonus in 2005 was the result of disciplinary action initiated based on alleged unprofessional conduct on January 8, 2005.  Plaintiff has not shown that any discipline has resulted from the September 23, 2005 phone call by Teresa Teague.  Furthermore, even if plaintiff had received discipline resulting from the September 23, 2005 phone call, no informal or formal administrative claim was filed

regarding this claim and thus this Court would have no jurisdiction over the claim. Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss and/or Alternatively for Summary Judgment (Rec. Doc. 40)** is hereby **GRANTED.**

New Orleans, Louisiana, this 15th day of October, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

14